## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ELIJAH JOHNSON, individually,
and on behalf of all others similarly situated,

               Plaintiffs,               CASE NO.: 2:17-CV-171-FTM-29CM

vs.

SIMON'S LAWN CARE, INC., a
Florida Profit Corporation;
and A.J. SIMON, individually.

               Defendants,

_____/

## NOTICE OF FILING ANSWERS TO COURTS INTERROGATORIES

Plaintiff, ELIJAH JOHNSON, hereby gives notice of filing answers to Courts Interrogatories.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Clerk

of this Court via the CM/ECF system and via E-Mail to: **Jason L. Gunter, Esq., and Conor P. Foley,**

**Esq.,** Jason@gunterfirm.com, Conor@gunterfirm.com, this 12th day of June, 2017.

               **VILES & BECKMAN, L.L.C.**
               6350 Presidential Court, Suite A
               Fort Myers, Florida  33919
               Telephone:  (239) 334-3933
               Facsimile:  (239) 334-7105
               Primary Email: Maria@vilesandbeckman.com
               Secondary Email: AOsborne@vilesandbeckman.com

               /s/ Maria  Alaimo, Esq.
               Maria R. Alaimo, Esquire
               FBN: 103870

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIJAH JOHNSON, individually,
and on behalf of all others similarly situated,

                    Plaintiffs,                    CASE NO.: 2:17-CV-171-FTM-29CM

vs.

SIMON'S LAWN CARE, INC., a
Florida Profit Corporation;
and A.J. SIMON, individually.

                    Defendants,

_____/

## PLAINTIFF'S RESPONSE TO COURTS INTERROGATORIES

**COMES NOW,** the Plaintiff, ELIJAH JOHNSON, by and through his undersigned counsel,

and responds to the Courts Interrogatories as follows:

1. During what period of time were you employed by the Defendant?

   **I started employment at Simon's Lawn Care on July 6, 2013 and was employed
   through July 3, 2015.**

2. Who was your immediate supervisor?

   **Evan Simon and Aaron Joseph (AJ) Simon.**

3. Did you have a regularly scheduled work period? If so, specify.

   **We were required to be at the facility at 6:45 AM and not to return until 5:00 PM
   every Monday through Friday. I was also working Saturdays and Sundays depending
   on the work load.**

4. What was your title or position? Briefly describe your job duties.

3

**My position upon getting hired was a laborer or worker, but in just a few months I was named crew leader and held that title until I left. My job duties included lawn care and maintenance, customer service and interaction, collection of payments, task delegation to as many as six (6) or more employees at any given time.**

5. What was your regular rate of pay?

   **Upon starting working for Mr. Simon I was given $75/day. My pay rate did increase over the two years of employment, ending at $100/day.**

6. What is the nature of your claim (check all that apply)?

   __X___ Off the clock work (Defendant failed to record, or prohibited you from recording, all of your working time);

   __X___ Misclassification (Defendant mistakenly classified you as exempt from overtime);

   _____ Miscalculation (Defendant failed to correctly calculate your compensation);

   _____ Other (Please describe):

   **I was required to work up to seven days a week and only receive a daily rate having set ten (10) hour days.**

7. Provide an accounting of your claim, including:

   (a) Dates: **July 6, 2013 through July 3, 2015.**

   (b) regular hours worked: **I started out Monday through Friday 6:45 AM to 5:15-5:30 PM. Six months in, it was mandatory I worked Saturdays 6:45 AM to 5:15-5:30 PM. Starting approximately January 2015, it was mandatory I worked Sundays 6:45 AM to 5:15-5:30 PM.**

   (c) Over-time hours worked: **Approximately 20 hours per week for overtime throughout my employment with Simon's Lawn Care.**

   (d) Pay received versus pay claimed: **I received $75/day to $100/day throughout my employment with no overtime pay. Averaging out my pay over 8 hour days, I was making approximately $9.37/hour up to approximately $12.50/hour. Over the course of my employment, I was owed from $281.10 per week (14.05 x 20 hrs) and $375.00 per week (18.75 x 20 hours). I estimated to make those calculations as I don't have exact records, but I believe my former employer will have them.**

   (e) total amount claimed: **I was owed from $281.10 per week (14.05 x 20 hrs) and $375.00 per week (18.75 x 20 hours). I estimated to make those calculations as I don't have exact records, but I believe my former employer will have them for the 2 years I was employed by them. I do not have exact records of when my rate of pay**

**changed. Additionally, there were that I was just paid cash and not given any pay stubs.**

8. If you have brought this case as a collective action:

   (a) Describe the class of employees you seek to include in this action.
   **All employees who were made to work more than 40 hours in one work week, but then were not paid any overtime.**

   (b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?
   **No.**

9. Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

   | | |
   |---|---|
   | Marcus Viles, Esq. | 1 hour at $500/hr |
   | Maria Alaimo, Esq. | 6 hours at $400/hr |
   | Amy Osborne, Litigation Assistant | 3 hours at $100/hr |

   Costs to date:
   Filing fee: $400.00
   Service of process: $70.00
   Postage: $4.48

10. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

    **The first written complaint was the instant lawsuit. However still under the employment overtime to Mr. Simon, I had verbally complained regularly about my pay scale/lack of overtime compensation and hours worked.**

11. Was this complaint written or oral? (If a written complaint, please attach a copy).

    **Oral complaints were made to Mr. Simon on a regular basis.**

12. What was your employer's response? (If a written response, please attach a copy).

    **Mr. Simon always would remove himself from any conversation having to do with money or salary negotiations rather quickly. If myself or another employee would ever bring up wages or a pay increase he would either change the subject or remove himself from any and all talk, saying that he was busy or had to go do previous engagements.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Clerk

of this Court via the CM/ECF system and via E-Mail to: **Jason L. Gunter, Esq., and Conor P. Foley,**

**Esq.,** Jason@gunterfirm.com, Conor@gunterfirm.com, this 12th day of June, 2017.

> **VILES & BECKMAN, L.L.C.**
> 6350 Presidential Court, Suite A
> Fort Myers, Florida  33919
> Telephone:  (239) 334-3933
> Facsimile:  (239) 334-7105
> Primary Email: Maria@vilesandbeckman.com
> Secondary Email: AOsborne@vilesandbeckman.com
>
> /s/ Maria  Alaimo, Esq.
> Maria R. Alaimo, Esquire
> FBN: 103870

sought and the number of hours expended by each person who has billed time to this case.

10.   When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

11.   Was this complaint written or oral? (If a written complaint, please attach a copy).

11.   Was this complaint written or oral? (If a written complaint, please attach a copy).

12.   What was your employer's response?  (If a written response, please attach a copy).

_____
**Elijah Johnson**

**STATE OF FLORIDA**
COUNTY OF L P P

    **BEFORE ME**, the undersigned authority, on this day, personally appeared Plaintiff Name, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

    **SWORN TO AND SUBSCRIBED** before me on this 12th day JUNE ,2017.

AMY L. OSBORNE
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF111609
Expires 4/9/2018

**Notary Stamp**

NOTARY PUBLIC

_____
Signature of Person Taking Acknowledgment
Print Name: AMY L. OSBORNE
Title: Notary Public
Serial No. (if any):
Commission Expires: 4/9/2018